# Exhibit 3

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF CABARRUS | SUPERIOR COURT DIVISION |

HERMAN and AMY CANOY,

        Plaintiffs,

v.

THE TRAVELERS COMPANIES, INC.,
THE STANDARD FIRE INSURANCE
COMPANY,

        Defendant

COMPLAINT

NOW COMES the Plaintiffs, Herman and Amy Canoy, ("Plaintiffs"), by and through their undersigned counsel, hereby complain against the Defendants as follows:

### PARTIES, JURISDICTION and VENUE

1. Plaintiffs, Herman and Amy Canoy are citizens and residents of Cabarrus County, in the State of North Carolina and have a primary residence located at 2896 Shady Lane, Concord, North Carolina 28027.

2. The Defendant The Travelers Companies, Inc., is a foreign business insurance company incorporated in Minnesota with its principal place of business at 485 Lexington Avenue, Eighth Floor, New York, New York 10017.

3. The Standard Fire Insurance Company is a subsidiary of The Travelers Companies, Inc., and is insurer for Travelers with its corporate office being located at 1 Town Square, Hartford, Connecticut 06183.

4. The Defendants provided property casualty insurance for the Plaintiffs' home located at 2896 Shady Lane, Concord, North Carolina 28027, under Policy Number 6054771786331.

5. The Court has jurisdiction over the parties and the subject matter of this action.

### AS AND FOR A FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

6. The allegations contained in Paragraphs 1 through 5 of Plaintiffs' Complaint are repeated and realleged as if set forth at length.

7. Plaintiffs entered into a contract for insurance with the Defendants under Policy Number 6054771786331, with a period of October 25, 2022 through October 25, 2023.

8. As part of that policy, Plaintiffs' home was insured against damage from weather events or other acts of God.

9.      On or about August 6, 2023, damage occurred to the Plaintiffs' home as the result of a hail storm that Defendants had represented would be covered by the policy of insurance through the contract of insurance.

10.     Plaintiffs made a valid claim to Travelers for insurance coverage for the repair of the damage that occurred to their property in the amount of $45,435.66.

11.     Plaintiffs provided an investigative report which demonstrated the damage caused by the hail storm of August 6, 2023.

12.     Plaintiffs gave notice and complied with all the conditions of the policy but the Insurer refused to compensate Plaintiffs for the repair on the grounds of the terms that Plaintiffs' policy did not cover the loss.

13.     Defendants owed a duty to the Plaintiffs not to misrepresent the terms of the insurance provided to the Plaintiffs. Moreover, Defendants owed a duty to the Plaintiffs to perform a reasonable investigation of the accuracy of the representations prior to making determinations on the same.

14.     By failing to cover the damages the insurance policy set out in the representations of the Plaintiffs' insurance coverage dated October 25, 2022 through October 25, 2023, Defendants breached the duty owed to the Plaintiffs.

15.     Relying upon the representations made by Defendants in the insurance policy for their residence, Plaintiffs show that damage occurred to said home which Defendants had represented would be covered by the policy, pursuant to the terms of the insurance.

16.     Plaintiffs gave notice and complied with all the conditions of the policy but the insurer unreasonably refused to compensate Plaintiffs for the loss on the grounds of the terms 'wear and tear'.

17.     Defendants neither conducted a reasonable investigation nor determined the veracity of their statements in the Claim before issuing the denial. As a direct and proximate result of that negligence, Plaintiffs have been denied insurance proceeds with which to repair the damages to their home.

18.     Plaintiffs entered into a contract with the Defendants for the Defendants to provide insurance for the Plaintiffs to cover the subject property.

19.     Plaintiffs paid all premiums for the insurance which were procured on its behalf by the Defendants when the same became due.

20.     Defendants benefited by the premiums paid by the Plaintiffs for the insurance procured.

21.     Plaintiffs performed all conditions on their part to be performed.

22.     The valid claim for coverage was unreasonably denied by way of a letter dated November 20, 2023.

23. As a result of the Defendants' breach of contract, Plaintiffs have been damaged in excess of $25,000.00 and have been caused to incur legal fees in bringing this action.

24. Pursuant to the contract, Plaintiffs are entitled to their reasonable attorney's fees in the amount of $6,815.35.

## AS AND FOR A SECOND CAUSE OF ACTION

## UNFAIR AND DECEPTIVE TRADE PRACTICES

25. The allegations contained in Paragraphs 1 through 24 of Plaintiffs' complaint are repeated and realleged as if set forth herein at length.

26. Defendants were under an affirmative obligation per the North Carolina General Statutes not to make, issue, circulate, or cause to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby pursuant to N.C.G.S 58-63.15(1).

27. The action of the contract of insurance was in or effecting commerce.

28. The actions of Defendants in unreasonably failing to conduct a reasonable investigation of the claim, failing to pay the claim without a basis in law or fact, and the Defendants' action of accepting premiums and failing to pay valid claims without a basis of law or fact was unfair and deceptive.

29. As a result of the unfair or deceptive acts or practices of the Defendants, the reliance upon the unfair or deceptive actions or practices of Defendants, Plaintiffs have been unable to repair their home, which continue to be damaged as a result of the damaged and leaking areas of the home.

30. Pursuant to N.C.G.S. 75-1.1 *et seq.*, in addition to the damages suffered by the Plaintiff, Plaintiff is entitled to have its damages trebled and is entitled to recoup its reasonable attorney fees.

31. Plaintiffs have been damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays that this Court:

1. Enter a Judgment in favor of the Plaintiffs against the Defendants for the damages suffered by the Plaintiffs for Defendants' breach of contract, in an amount in excess of $25,000.00.

2. Enter a Judgment awarding that the Plaintiffs' damages be trebled pursuant to N.C.G.S. 75-1.1, *et seq.*

3. Enter a Judgment awarding Plaintiffs attorneys' fees and tax the same against the Defendant pursuant to N.C. Gen. Stat. § 75-1 *et seq*, and pursuant to the contract of the insurer;

4.  Enter a Judgment awarding the Plaintiffs the costs of this action;

5.  Enter a Judgment that Plaintiffs have and receive prejudgment and post judgment interest at the legal rate until such judgment is paid and satisfied in full;

6.  For trial by jury of all claims; and

7.  For any and other relief that this Court deems just and proper.

This 13th day of September, 2024.

The Duggan Law Firm, P.C.

Christopher M. Duggan, Esq.
NC State Bar No 39065
PO Box 481
Monroe, NC 28111
Telephone: (704) 776-9610
Facsimile: (704) 776-9611
cduggan@dugganlegal.com
*Attorney for Plaintiffs*